UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM HILL, | : | 3:22-CV-00730 (KAD) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD FISHER DDS, | : | |
| *Defendant*. | : | JUNE 14, 2022 |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

**Preliminary Statement**

Plaintiff, William Hill ("Hill"), a prisoner currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, brings this *pro se* action pursuant to 42 U.S.C. § 1983. In his Complaint filed on June 1, 2022, Hill contends that Defendant, Richard Fisher, DDS, a dentist at the New Haven County Correctional Center, was deliberately indifferent to his dental needs in violation of his Eighth Amendment right against cruel and unusual punishment and withheld medically necessary treatment in violation of his Fourteenth Amendment right to equal protection. Hill seeks damages from Dr. Fisher in his individual capacity and injunctive and declaratory relief against Dr. Fisher in his official capacity.[1] For the reasons that follow, Plaintiff's equal protection claim is DISMISSED without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review civil complaints in which a prisoner seeks redress from a governmental entity or employee of a governmental entity and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may

---

[1] On June 7, 2022, the Court granted Hill's motion to proceed *in forma pauperi*s.

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret the complaint liberally to "raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A *pro se* complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Abbas*, 480 F.3d at 639. "Such dismissals must accord the inmate an opportunity to amend the complaint unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation mark omitted).

**Allegations**

The Court accepts as true the allegations in Hill's Complaint, which are summarized as follows. Hill was a sentenced prisoner confined at Cheshire Correctional Institution ("Cheshire") during the events underlying this action. Doc. No. 1, ¶ 1. Upon his arrival at Cheshire on February 5, 2020, Hill stated that he needed treatment from the dental unit. *Id.* ¶ 2. Hill was told that "he was on the list." *Id.*.

Dr. Fisher treated Hill on February 27, 2020. *Id.* ¶ 3. During that appointment, Hill complained of severe pain and told Dr. Fisher that he needed dentures because he had only two full and two partial teeth on the "top arch" of his mouth. *Id.* ¶ 4. Hill stated that his lack of teeth caused him to cut his gums and prevented him from properly chewing his food. *Id.*. Dr. Fisher attempted to restore three of Hill's teeth during the appointment but did not address Hill's request for dentures. *Id.* ¶ 5.

On May 11, 2020, Hill was seen by Erin Ahearn-Leger, RN, in response to his complaints of continued dental pain. *Id.* ¶ 6. Nurse Ahearn-Leger called Dr. Fisher to have Hill's prescription for 600 milligrams of Motrin renewed but Dr. Fisher did not renew the prescription. *Id*. Nurse Ahearn-Leger advised Hill to submit another written request to the dental unit. *Id.* ¶ 6. On May 14, 2020, Hill filed a medical grievance because his dental pain continued and he had not yet been seen by the dental unit. *Id.* ¶ 7.

Dr. Fisher treated Hill on May 26, 2020. *Id.* ¶ 8. Hill again complained to Dr. Fisher about pain in his teeth and gums, and reiterated his request for dentures to chew his food properly and prevent cutting his gums. *Id*. Nurse Ahearn-Leger reported that Dr. Fisher was unwilling to provide Hill pain medication. *Id*. To the contrary, Dr. Fisher maintains that he was "not unwilling" to provide pain medication. *Id*. Dr. Fisher noted in his May 26, 2020 report that Hill's pain medication "was not refilled . . . because [Dr. Fisher] had not prescribed it." *Id*. at Exhibit D, 11. Dr. Fisher again did not order dentures for Hill. *Id.*.

On June 5, 2020, Dr. Fisher treated Hill because he continued to experience dental pain. *Id*. ¶ 9. Dr. Fisher extracted one tooth on the top arch of Hill's mouth. *Id*. Thereafter, Hill asked if Dr. Fisher would order him dentures in light of his difficulty chewing food and there being only

3

three teeth remaining on the top arch of his mouth. *Id.* ¶ 10. Dr. Fisher said that he would not order Hill dentures because he did not meet the requirements. *Id.*. Hill additionally saw Dr. Fisher on other occasions, but dentures were never ordered for Hill. *Id.* ¶ 11.

Hill's dental needs have been rated as "Class 3-Urgent" meaning that he "has conditions that require immediate treatment; or has conditions likely to become emergent in under [twelve] months." *Id.* ¶ 12; *id*. at Exhibit D, 11; *id*. at Exhibit F, 11. Dr. Fisher was aware of this rating but, notwithstanding Hill's repeated complaints of continued pain and limitations, has not ordered Hill dentures for over two years. *Id.* ¶ 12.

On February 3, 2022, Hill submitted a written request to Dr. Fisher again seeking dentures. *Id.* ¶ 13. Hill stated that he continues to cut his gums and is at high risk of developing an infection due to his known dental condition. *Id*. Dr. Fisher responded that all of Hill's other dental work must be completed before he can receive dentures. *Id.* ¶ 14. As of February 27, 2020, Hill's pending dental work included four teeth extractions and eight tooth restorations, and each tooth restoration requiring multiple appointments to restore various facets of the tooth. *Id*. at Exhibit A, 8. As of May 13, 2022, Dr. Fisher has not performed any dental work on Hill for over a year. *Id.* ¶ 14.

**Discussion**

Hill asserts two claims: (1) that Dr. Fisher was deliberately indifferent to Hill's serious dental needs for failing to address Hill's needs for dental treatment and dentures, which constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; and (2) that Dr. Fisher denied him equal protection in violation of the Fourteen Amendment to the United States Constitution.

**Deliberate Indifference to Dental Needs**

"An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of 'deliberate indifference to [a prisoner's] serious medical needs.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). The standard for deliberate indifference includes two elements: (1) the existence of a "serious medical need," an objective component; and (2) "deliberate indifference" to that need, a subjective component. *See Harrison v. Barkley*, 219 F.3d 132, 136–38 (2d Cir. 2000) (applying deliberate indifference to serious medical needs standard set forth in *Estelle*, 429 U.S. at 104, to Eighth Amendment claim regarding inadequate dental care).

### 1. Serious Medical Need

"A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison*, 219 F.3d at 136. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (citations omitted; internal quotation marks omitted). In determining whether a dental need is sufficiently serious, courts consider "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations and internal quotation marks omitted). "[D]ental conditions, like other medical conditions, may be of varying severity," and not all claims regarding improper dental care are sufficiently serious to meet the objective standard. *Id*. District courts in this Circuit have held, however, that "a one-year delay in treating a cavity can evidence deliberate indifference

5

[to a serious medical need] on the part of prison officials" because "a tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments." *See Harrison*, 219 F.3d at 137–38 (citing cases). "[A risk that might ultimately lead to the unnecessary loss of an easily reparable tooth [is] particularly serious [where] the plaintiff ha[s] so few teeth to spare." *Id*. at 137.

Hill alleges, and his attached dental records confirm, that his dental needs are classified as Class 3-Urgent. He has dental conditions that require immediate treatment or conditions likely to become emergent in under twelve months. That urgent classification was present in February of 2020, when Dr. Fisher first treated Hill. In addition, the dental record from February 27, 2020 indicates that four of Hill's teeth were scheduled for extraction, and eight of Hill's teeth were scheduled for restoration, many with issues on several facets of the tooth. Hill also alleges that he suffered severe tooth pain and had difficulty eating without most of his top teeth. The Court concludes that Hill has plausibly alleged that he suffered from a serious dental need which presented a substantial risk of serious harm during the time he was treated by Dr. Fisher. *See Dupas v. Mulligan*, No. 3:19-CV-1600(CSH), 2022 WL 972423, at *11 (D. Conn. Mar. 30, 2022) (dental conditions classified as Class 3-Urgent that were untreated for over one year constituted serious medical need), *reconsideration denied*, 2022 WL 1462225 (D. Conn. May 8, 2022).

**2. Deliberate Indifference**

Deliberate indifference will exist when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Harrison*, 219 F.3d at 137. "Subjectively, the charged official must act with a sufficiently culpable state of mind. . . . The required state of mind, equivalent to criminal recklessness, is that the official

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hemmings*, 134 F.3d at 108 (citations omitted; internal quotation marks omitted). Mere negligent conduct does not constitute deliberate indifference. *See Hill*, 657 F.3d at 123 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 106).

"Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123 (internal quotation mark omitted). "[M]ere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill*, 657 F.3d at 123 (citing *Estelle*, 429 U.S. at 106–07). The "essential test is one of medical necessity and not one simply of desirability." *Id*.

Hill alleges that Dr. Fisher refused to renew his prescription for pain medication on May 26, 2020. Although the medical records indicate that Dr. Fisher told Hill that he could not renew the prescription because he was not the original provider, he did not enter a new prescription to address Hill's pain. Moreover, the pleadings sufficiently allege that Hill requires substantial dental work and suffers from severe pain and limitations as a result of his condition. Dr. Fisher informed Hill that he could not order dentures to address Hill's problems with eating and cutting his gums until after all dental work is completed. However, the dental record from June 5, 2020, shows that

Dr. Fisher had addressed only a small portion of the required dental work that is pending; he extracted one tooth on June 5, 2020, and restored three teeth on February 27, 2020. *See* Doc. No. 1 at 54. And Hill alleges that he has not seen Dr. Fisher for over a year and still has not received dentures. The Court concludes that Hill has plausibly alleged that Dr. Fisher is aware of and has consciously disregarded Hill's serious dental needs for dental treatment and dentures.

**Equal Protection**

Hill contends that Dr. Fisher violated his right to equal protection of the laws by withholding treatment for over two years. "[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent to injury a person.'" *Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980) (emphasis omitted)). To state an equal protection claim, the plaintiff must allege facts showing that (1) he was treated differently from other similarly situated inmates, and (2) that the difference in treatment was based on one of the aforementioned reasons. *See Nicholson v. Hannah*, No. 3:20-cv-209(JAM), 2020 WL 3086022, at *5 (D. Conn. June 10, 2020) (citations omitted). Alternatively, an equal protection claim also may be based on a claim that the plaintiff has been "irrationally singled out as a class of one." *Id.* (citation and internal quotation marks omitted); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To succeed on such a claim, plaintiff[] must show an extremely high degree of similarity between [himself] and the person to whom [he] compare[s himself]." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018) (citation and internal quotation marks omitted).

8

Hill does not identify any similarly situated inmate to support either type of equal protection claim. Thus, Hill has failed to plead sufficient facts to state a plausible claim that he was treated differently from other similarly situated individuals. Accordingly, Hill's equal protection claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

Hill's equal protection claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on Hill's claim for deliberate indifference to his serious dental needs regarding Dr. Fisher's alleged delay in ordering dentures for Hill and failure to address Hill's dental needs.

The Court enters the following additional orders.

(1)     **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain a current service address for Dr. Fisher, mail a waiver of service of process request packet containing the Complaint and this Order to Dr. Fisher at that address by **July 5, 2022,** and report to the Court on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Dr. Fisher fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on Dr. Fisher in his individual capacity and Dr. Fisher shall be required to pay the cost of such service.

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on Dr. Fisher in his official capacity at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) Dr. Fisher shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If Dr. Fisher chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. Dr. Fisher also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26–37, shall be completed by January 14, 2023. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed by February 14, 2023.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Hill changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Hill must give notice of a new address even if he is incarcerated. Hill must write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Hill has more than one pending case, he should indicate all the case numbers in the notification of change of address. Hill should also notify Dr. Fisher or the attorney for Dr. Fisher of his new address.

(9) Hill shall utilize the Prisoner E-Filing Program when filing documents with the Court. Hill is advised that the Program may be used only to file documents with the Court. As local court rules provide that discovery requests are not filed with the Court, discovery requests

must be served on Dr. Fisher's counsel by regular mail.

(10)     **The Clerk shall** immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Hill.

**SO ORDERED** this 14th day of June 2022 at Bridgeport, Connecticut.

    /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE