# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM HILL, | ) | CASE NO. 3:22-cv-730 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD FISHER DDS, | ) | SEPTEMBER 29, 2022 |
| *Defendant*. | ) | |

## RULING AND ORDER

Kari A. Dooley, United States District Judge:

Plaintiff, William Hill ("Hill"), a prisoner, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging that the defendant was deliberately indifferent to his serious dental needs. On June 14, 2022, the court entered an Initial Review Order permitting the deliberate indifference claim to proceed but dismissing Hill's equal protection claim. *See* Doc. No. 8. Hill now seeks reconsideration of the dismissal of the equal protection claim. For the following reasons, the motion is denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted). Thus, reconsideration is warranted only if the moving party "identifies an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted)).

Hill does not identify any facts or law the court overlooked in dismissing the equal protection claim. Rather, he seeks reconsideration in light of evidence revealed during discovery — specifically the following Interrogatory to Defendant Dr. Fisher and his Answer:

> Interrogatory: "Have you ever made a patient of yours that was in need of dentures, wait (2) years, other then (sic) the plaintiff?"

> Answer: "No. Furthermore, it is not my practice to make any patient wait for dentures; however, unexpected delays did occur due to the impact of the global pandemic that did impact dental care."

"[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent to injury a person.'" *Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980) (emphasis omitted)). Thus, as the court previously explained, Hill must allege facts showing that he was treated differently from other similarly situated inmates and that the different treatment was motivated by an impermissible purpose. *See Nicholson v. Hannah*, No. 3:20-cv-209(JAM), 2020 WL 3086022, at *5 (D. Conn. June 10, 2020) (citations omitted). Hill does not allege that he is a member of any suspect class nor that the defendant acted with any such impermissible purpose (other than in wholly conclusory fashion).

Alternatively, his equal protection claim might proceed under a "class of one" theory if Hill can allege facts which demonstrate that "he has been intentionally treated differently from

others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Second Circuit, persons asserting a class of one equal protection claim "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted). This high degree of similarity is required "to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Id.* (citation and internal quotation marks omitted).

In light of the Interrogatory answer described above, Hill contends that Dr. Fisher's response that he had not made any other patient wait two years for dentures showed that he treated Hill "differently with the intent to inhibit or punish the exercise of the constitutional right of Equal Protection." *Id.* at 2.

Even if this evidence establishes that no other patient was required to wait two years for dentures, Hill still cannot plausibly allege an equal protection claim. He has not identified any similarly situated individual who was treated differently, to wit, another inmate with a comparable dental need, who received dentures in a timely fashion during this same timeframe. Thus, he has not identified the required comparator. Further, as noted above, Hill alleges an improper purpose for the delay in treatment in wholly conclusory fashion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("formulaic recitation of the elements of a cause of action" is insufficient to state a plausible claim) (citation omitted). Dr. Fisher qualified his response, noting that unexpected delays in providing dental care occurred as a result of the COVID-19 pandemic. The response does not show, as Hill contends, that Dr. Fisher acted for any improper purpose, or that Dr. Fisher

intentionally singled Hill out with respect to his treatment. Thus, the evidence relied upon to re-assert the equal protection claim does not satisfy the requisites for reconsideration.

Hill's motion for reconsideration [**Doc. No. 19**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of September 2022.

_/s/ Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

4